69 So.2d 274

**GREAT ATLANTIC & PACIFIC TEA CO.**

v.

**POPKINS (two cases).**

6 Div. 317, 318.

Supreme Court of Alabama.

Dec. 17, 1953.

Drennen & Drennen, Birmingham, for appellant.

Taylor, Higgins, Windham & Perdue and Roy M. Johnson, Jr., Birmingham, for appellee.

98

PER CURIAM.

We have for review two appeals by the defendant in two cases tried jointly after they were consolidated. They are for personal injuries received by appellee Mrs. Popkins in one case, and for the loss of her companionship in the other case by her husband, appellee in it.

Mrs. Popkins is shown to have slipped and fallen as she was leaving a self-service grocery store of appellant's in Birmingham. She did not make a purchase and had no groceries to check, apparently because the meat counter was closed.

The customers on leaving passed through an aisle, by which on the left was located a stall and counter where an employee was stationed to check up the goods and receive the cash for them. There were ten such aisles, but not all of them were open for use at the time. The evidence tended to show that the first six aisles were open for use and that before the entrance of the others a chain was hooked across each of them as a warning that it was closed and not to be used. There was a tendency of the evidence to show that appellee went out through one of the aisles which had been barred by the chain, which was easily removable, and was following her husband. Both she and her husband testified they went out through aisle No. 5 which was then open.

Mrs. Popkins testified that as she turned to leave, having passed through aisle No. 5, her left foot slipped on a lettuce leaf at the edge of the checking counter on her right, and she tripped on a bag of groceries which had been left there by a member of defendant's store force. She did not remember whether the lettuce leaf was inside or outside the aisle. The evidence is not clear whether she would have tripped on the bag of groceries if she had not slipped on the lettuce leaf. The bag of groceries might have contributed to her injuries. She testified that the lettuce leaf was "very dirty, all bruised up". Mr. Popkins testified that they went out of aisle No. 5 and he "saw the lettuce leaf around the corner" and "it was dirty and ragged looking and

had been skidded about fifteen or eighteen inches, it was dirty and soiled". This was probably after his wife had fallen.

The checking counters in the store and the aisles in connection therewith extend north and south. After a customer passes through a checking aisle, he or she enters a passageway which extends east and west in the store. This passageway is between the north end of the checking counters and a rail to the north thereof. This passageway is provided by appellant for the use of customers in leaving the store. The exit door from the store is to the east of the checking counters. Therefore, in order to leave the store, a customer, after passing through the aisle by the checking counter, enters the passageway as above described, turns to the right and proceeds to the store exit. The evidence is also without conflict that checking counter No. 1 is nearest to the exit of the store and that checking counter No. 10 is farthest from the exit to the store.

There was evidence that the lettuce leaf on which Mrs. Popkins slipped and the sack of groceries over which she tripped were located on the floor at the corner of the checking counter numbered 6, to the right of aisle No. 7 which was then closed, and in or near the passageway provided by appellant for the use of customers in leaving the store.

Consideration will first be given to the third assignment of error based on a refused charge requested by appellant, which is as follows:

"If you are reasonably satisfied from all the evidence that Mrs. Gertie Popkins went through a checking counter aisle that had been closed to customers and as a proximate consequence she sustained her injuries, you cannot find against defendant."

The complaint alleged that plaintiff's injuries "were caused as a proximate result of the negligence of defendants in this: Defendants negligently maintained said floor at the place where plaintiff slipped and fell in an unsafe condition for the use of customers in said store".

The plea is in short by consent. The charge assumes a duty not to go through an aisle which had been closed to customers. If Mrs. Popkins went through such an aisle there is no contention but that it was a breach of her implied status as an invitee. The conflict is as to the aisle through which she passed, and whether going through the wrong aisle could have been a proximate cause of her injuries.

The question now being considered is whether there was sufficient evidence from which the jury could find that Mrs. Popkins went through one of the closed aisles and, if so, that was a proximate cause of her injury. There was evidence that she went out through such an aisle. If she did so, and was injured while thus making her exit, she was not entitled to the same protection as an invited customer. There was evidence from which the jury could find that the articles were on the floor at or around the corner immediately to her right as she left the aisle. If the jury should find that she went through an aisle which had been closed and that the foreign matter was on the floor at or near its outlet, and that she would not have encountered it if she had gone through an aisle which was still open, they could find that going through the closed aisle was a proximate cause of her fall and injuries and that in doing so she was not entitled to the same protection as an invited guest. Farmers' & Merchants' Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406 (6, 14 and 15); Hillman Hotel v. McHaley, 251 Ala. 655, 38 So.2d 566.

Appellee has raised very finely drawn contentions which we cannot sustain in respect to the terms in which the charge is expressed. It presents a serious contention made by defendant, which was not specifically covered in the court's oral charge, and we think the defendant was entitled to have it brought to the direct attention of the jury. We do not find the charge wanting in essential averments, and it should have been given.

We cannot sustain the claim by appellant that it was due the affirmative charge on the principles declared in Britling Cafeteria Co. v. Naylor, 254 Ala. 84, 47 So. 2d 187; Ten Ball Novelty & Manufacturing Co. v. Allen, 255 Ala. 418, 51 So.2d 690; Kittrell v. Alabama Power Co., 258 Ala. 381, 63 So.2d 363; Standard Oil Co. v. Gentry, 241 Ala. 62, 1 So.2d 29. The controlling facts are materially different. In the Britling case if a bean on the floor caused plaintiff to slip, it did not appear that defendant was negligent, and there was nothing from which such a conclusion could be properly inferred. Here it was proven by direct evidence that the lettuce leaf on the floor caused plaintiff to slip, and then trip on a bag of groceries in her way at a place which should have been free from dangerous substances if she was in an open aisle. The lettuce leaf was shown to have been dirty, crumpled and mashed. The jury could find from that condition that it had been on the floor long enough to have raised a duty on defendant to discover and remove it. The bag of groceries alone would probably not have caused plaintiff to fall, but it aided the lettuce leaf in doing so. It was open to the jury to find that an employee of defendant put the bag of groceries where it should not have been, if it was at an open aisle. So that it was open to the jury to find that plaintiff went through an open aisle and was caused to slip on account of those substances in her way, and that defendant owed her a duty not to cause her to be injured by its negligence, but it was negligent in that respect in not discovering and removing those substances which proximately caused the injury, and that plaintiff was not negligent proximately causing her fall and injury. Therefore the affirmative charge was properly refused appellant.

The other questions argued do not seem to need discussion. For the error in refusing the charge copied above, the judgment should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of

Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.