69 So.2d 276

### HUGHES

v.

### MERCHANTS NAT. BANK OF MOBILE.
### I Div. 506.

Supreme Court of Alabama.

Dec. 17, 1953.

Ray & Giles, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for appellee Circuit Clerk.

LAWSON, Justice.

This appeal is prosecuted from the action of the trial judge in refusing a motion to retax costs, made under § 77, Title 11, Code 1940, which section is intended to afford relief to parties against whom a clerk or other ministerial officer has improperly taxed costs.

Hunt C. Hughes appealed to this court from a judgment of the circuit court of Mobile County upholding the will of one Hattie T. Hughes. We affirmed. Hughes v. Merchants National Bank of Mobile, 256 Ala. 88, 53 So.2d 386.

The circuit clerk in his cost bill taxed appellant, Hunt C. Hughes, for making an

original transcript to this court, at fifteen cents per hundred words, in the amount of $361.64; one copy of that transcript at five cents per hundred words, in the amount of $120.55; and an office copy at five cents per hundred words, in the amount of $120.55; making a total of $602.74 for the original transcript and the two copies.

The motion of Hughes to retax costs sought to delete from the cost bill all charges in respect to the transcript of the testimony which was included in the transcript prepared for this court and the copies thereof on the ground that the clerk performed no service in connection therewith other than to insert in the transcript prepared for appeal to this court and the copies thereof the transcription of the testimony as made by the court reporter, for which the court reporter was paid in full by Hughes.

. It was admitted by the circuit clerk that the court reporter furnished to him an original and two copies of the testimony, typewritten on transcript paper, and that he merely inserted the papers furnished him by the court reporter into the transcripts prepared by him. The circuit clerk concedes that he performed no service in connection with the making of the transcription of the testimony and that Hughes paid the court reporter for such service.

The clerk was not entitled to collect costs for services which he did not perform. Barker v. Byars, 245 Ala. 223, 16 So.2d 504. We hold, therefore, that the trial judge erred in not granting Hughes' motion to retax costs so as to delete from the cost bill those items of cost as were charged by the clerk for preparing an original and two copies of the transcript of testimony prepared by the court reporter.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

· Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.