103 So.2d 171

### S. H. KRESS & COMPANY

v.

### Kate THOMPSON.

6 Div. 932.

Supreme Court of Alabama.

Oct. 24, 1957.

Rehearing Denied June 12, 1958.

White, Bradley, Arant, All & Rose and J. Reese Murray, Jr., Birmingham, for appellant.

Harold M. Cook, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This suit was filed by appellee, Mrs. Kate Thompson, against appellant, S. H. Kress & Company, for personal injuries alleged to have been suffered by Mrs. Thompson when she slipped and fell in the appellant's store located in Birmingham, Alabama.

In substance, the complaint alleged that the injuries of the appellee were sustained from a fall which was proximately caused by the negligent maintenance of the floors in the store of the appellant. The judgment below was for the appellee, and from this judgment the appellant has perfected an appeal.

The sole question argued on this appeal is the refusal of the trial court to give the affirmative charge in favor of the appellant. It is argued that the appellee did not present a prima facie case, in that she did not introduce evidence of the appellant's alleged negligence.

To determine if the court below committed reversible error in refusing to give the affirmative charge in favor of the appellant, all the evidence introduced in the case will have to be considered in its most favorable aspect for the plaintiff. F. W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667.

The evidence tended to show that the appellee was proceeding from the rear toward the front of the store, upon a major aisle running the entire length of the store. She was walking in a "normal" and "ordinary" manner. While proceeding down the aisle, she slipped and fell. There was testimony to the effect that the substance she slipped upon was "many times bigger" than a half-dollar, that it was "splattered" and "smeared," and that it "didn't appear to be candy. There was too much of it there." The nature of this foreign substance was never specifically identified, though it was contended by the appellant that it was "spit-out candy."

There was uncontroverted evidence introduced to the effect that the appellant had cleaned its floor only a few minutes before the appellee fell. In interrogatories propounded by the appellee, the appellant answered that they "had a full-time porter who continuously inspects and cleans said first floor; he has no other duties. No time had elapsed since said porter inspected and cleaned said floor as he continuously inspected and cleaned said floor on said date." The appellant further stated that they had from " * * * four to five employees, including the supervisor, continuously inspect said floor including the passageway during store hours." There was also evidence introduced which tended to show that there were fourteen clerks stationed behind the counters along the aisle. One of these clerks saw the appellee fall.

There was no evidence introduced by the appellee as to how long the foreign substance had been on the floor, nor was it shown that any of the agents or employees of the appellant knew it was on the floor. There was no dispute of the testimony of the appellant that the floor had been swept by the janitor shortly before the accident occurred.

The crucial question in the instant case is whether there was sufficient evidence introduced to show that the appellant was negligent in allowing the foreign substance to be or remain upon the floor. If there was sufficient evidence introduced to take the question to the jury, the decision below must be affirmed.

In the instant case, the appellee is an invitee, and being upon the premises of the appellant in that capacity there was a duty cast upon the appellant to exercise reasonable care to keep the premises in safe condition in her behalf. Ten Ball Novelty & Mfg. Co. v. Allen, 255 Ala. 418, 51 So.2d 690; Standard Oil Co. v. Gentry, 241 Ala. 62, 1 So.2d 29; F. W. Woolworth Co. v. Ney, supra. But because the defendant is burdened with this duty does not render him an insurer, he is liable only for his negligence in failing to exercise reasonable care to maintain his premises in a safe condition. F. W. Woolworth Co. v. Ney, supra; Ensley Holding Co. v. Kelley, 229 Ala. 650, 158 So. 896.

In concluding that the burden of proving the negligence of the defendant rested upon the plaintiff, and in determining the extent of proof necessary to show such negligence, this court in F. W. Woolworth Co. v. Ney, supra [239 Ala. 233, 194 So. 669], made the following statement:

"It seems to be generally held that the doctrine of res ipsa loquitur does not apply to cases like the present, where the obligation of the store-keeper to his customers is to use ordinary care to keep the aisles, passage-ways, floors and walks in a reasonable safe condition. * * * No presumption of negligence arises from the mere fact of injury to a customer. Upon the plaintiff rests primarily the burden of showing that the injury was proximately caused by the negligence of the store-keeper, or one of its servants or employees. Actual or constructive notice of the presence of the offending instrumentality must be proven before the proprietor can be held responsible for the injury. * * *"

The rule is also well established that if there is evidence which tends to show that a foreign substance has been on the floor for a long while, it is proper for a jury to impute negligence to the defendant for not discovering and removing such foreign substance. Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So. 2d 274; Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324; Anjou v. Boston Elevated Railway Co., 208 Mass. 273, 94 N.E. 386. So to prove negligence on the part of the defendant it is necessary to prove that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant, or that he had actual notice, or that he was delinquent in not discovering and removing it. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. Concerning this element of proof, Justice Holmes in Goddard v. Boston & M. R. Co., 179 Mass. 52, 60 N.E. 486, having affirmed the decision below for the defendant, stated:

"The banana skin upon which the plaintiff stepped and which caused him to slip may have been dropped within a minute by one of the persons who was leaving the train. It is unnecessary to go further to decide the case."

It is not necessary, however, to enter direct evidence as to the length of time a foreign substance has remained on the floor; it is permissible to allow a jury to infer the length of time from the nature and condition of the foreign substance. In Great Atlantic & Pacific Tea Co. v. Popkins, supra, wherein the plaintiff slipped on a lettuce leaf, this court stated [260 Ala. 97, 69 So.2d 276]:

"* * * The lettuce leaf was shown to have been dirty, crumpled and mashed. The jury could find from that condition that it had been on the floor long enough to have raised a duty on defendant to discover and remove it. * * *"

In the instant case, there was no evidence introduced as to how long the foreign substance upon which Mrs. Thompson slipped was on the floor. For aught that appears from the evidence introduced, it might have been dropped upon the floor a

minute before the appellee slipped upon it. No evidence was introduced to the effect that the appellant or any agent of the appellant knew the substance was on the floor. Evidence was introduced to the effect that the foreign substance was "scattered and smeared" and many times bigger than a half-dollar, but such evidence as to the condition and size of the substance would not tend to show that it had been upon the floor for any appreciable length of time. In fact, the more logical inference as to the substance being scattered and smeared would be that this occurred when Mrs. Thompson slipped and fell on such substance.

It is the contention of the appellee, however, not that the appellant negligently failed to inspect its premises, but that the inspection of the premises was performed in a negligent manner. Appellee's argument seems to be based on the theory that a proper inspection of the floor was bound to reveal the existence of the foreign substance. In support, she calls attention to appellant's answers to appellee's interrogatories which were in evidence.

> Answer 36: "Defendant has a full time porter who continuously inspects and cleans said first floor; he has no other duties. No time has elapsed since said porter inspected and cleaned said floor as he continuously inspected and cleaned said floor on said date."

Appellee cites, among others, the case of Central of Georgia Ry. Co. v. Lee, 227 Ala. 661, 151 So. 840, 841, where it was said:

> "We have declared the rule that evidence of an engineer of his keeping a vigilant lookout, under conditions where such lookout would discover a man on the track, is evidence that he did discover him, although he may also testify he did not. Southern Railway Co. v. Shelton, 136 Ala. 191, 34 So. 194; Carlisle v. Alabama Great Southern Railway, 166 Ala. 591, 52 So. 341."

This theory is not applicable here.

By no stretch of the imagination can it be said that appellant's answer to interrogatories, as set out above, means that the porter continuously inspected the exact spot where appellee fell; nor is the position fortified by the presence in the store of a supervisor and other employees who continuously inspect said floor, including the passageway, during store hours. The porter's duties required him to inspect and clean the entire first floor of the building in which appellant operates its business. The testimony shows that the aisle in which appellee fell was 7 feet wide and 122 feet long. Obviously, the porter cannot be on all parts of the first floor at one and the same time.

Considering this insistence, and the evidence claimed to support it, it does not change the result. In order to prove that there was a negligent inspection, it is still incumbent upon appellee to prove, or to offer evidence from which it can reasonably be said, that the foreign substance was on the floor at the time of the inspection. This, the appellee has failed to do.

We do not think the evidence is sufficient, under our cases, to make a case for the jury, and the appellant was due the affirmative charge.

Reversed and remanded.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.

On Rehearing

PER CURIAM.

Application for rehearing overruled.

LAWSON, GOODWYN and COLEMAN, JJ., concur.

SIMPSON and MERRILL, JJ., dissent.

STAKELY, J., not sitting.

SIMPSON, Justice (dissenting).

The facts sufficiently appear in the opinion of the Chief Justice.

Where the affirmative charge is refused to the defendant we are guided by the oft stated rule that the evidence must be viewed in the light most favorable to the plaintiff, and if there is a scintilla to support the complaint, the trial court's action in refusing the charge must be affirmed. Adams v. Queen Ins. Co. of America, 264 Ala. 572, 88 So.2d 331; Hasty v. Hasty, 260 Ala. 90, 69 So.2d 282; Aircraft Sales & Service v. Gantt, 255 Ala. 508, 52 So.2d 388.

Several Alabama cases have been concerned with the problem presented on this rehearing. Following are some

In Britling Cafeteria Co. v. Naylor, 254 Ala. 84, 47 So.2d 187, the plaintiff slipped and fell while passing through the serving line. Later she discovered a bean on the bottom of her shoe. This court held there was no evidence showing the defendant caused the bean to be on the floor or that the defendant was in any way negligent in allowing the bean to remain on the floor. The court, of course, held that from the mere fact of injury, negligence cannot be assumed.

In Kittrell v. Alabama Power Co., 258 Ala. 381, 63 So.2d 363, plaintiff slipped and fell while on the premises of the defendant. This court held that there was no evidence tending to show that an employee of defendant knew the substance was on the floor nor that anything had arisen which would cause a reasonable person to investigate the floor as to existing conditions.

In the Britling case, supra, the plaintiff had gotten a verdict in the trial court and this court held the affirmative charge should have been given. In the Kittrell case, supra, the trial court gave the affirmative charge with hypothesis for defendant at the close of plaintiff's evidence and we affirmed.

Another case stating the scintilla rule is Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224, 227. Plaintiff's intestate was killed while trying to disengage a kite from power lines with an iron pipe. The trial court directed a verdict for defendant on the ground that there had been a failure to prove negligence. This court reversed. The opinion stated:

"[1 & 2] * * * The entire evidence must be viewed in its most favorable aspect for the adverse party and where, from it, a reasonable inference may be drawn adverse to the party requesting it, the affirmative charge is improper. Or here, if from the evidence reasonable inference may be drawn substantiating the claimed culpability of the defendant, a directed verdict for defendant is improper. * * *

"[11] * * * If common experience has demonstrated that dangers lurk in the method adopted or in the instrumentality maintained by a person he rests under the obligation of ascertaining the peril and taking precautions to avoid injury therefrom.

"[12] And, ordinarily, culpability for dereliction in this regard is a jury question, determinable under the particular circumstances."

The evidence for the plaintiff in the case at bar from which the inference of negligence might be drawn is as follows (R. 34–35):

"A. There appeared to be a good deal of it [the substance on which plaintiff slipped] because I was away from it. * * * To my judgment, I would say it was sort of spattered. It was pretty hard to determine the area.

"Q. I will ask you if it was compact, or did it appear to be smeared? A. It was smeared.

"Q. Could you tell whether it had been tracked on?

"(Objection)

"Q. All right, now, you say it appeared to be spattered and smeared on the floor? A. That's right."

The evidence for the plaintiff further showed there was nothing to prevent the clerks from seeing the substance on the floor. And in answer to interrogatories the defendant stated that there was a porter on duty who cleaned the floors and inspected them continuously. If such be true (continuous inspections) then it seems fair to say that the jury could have inferred from the condition of the offending substance that this employee was negligent in not discovering it in time to protect invitees, such as plaintiff, by removing it.

We think three recent cases by this court are sustentive in holding that the case presented a jury question, Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274; Great Atlantic & Pacific Tea Co. v. Weems, 266 Ala. 415, 96 So.2d 741; Great Atlantic & Pacific Tea Co. v. Bennett, ante, p. 538, 103 So.2d 177.

In the Popkins case the plaintiff slipped and fell in a grocery store on a piece of lettuce leaf and the court stated [260 Ala. 97, 69 So.2d 276]:

"* * * The lettuce leaf was shown to have been dirty, crumpled and mashed. The jury could find from that condition that it had been on the floor long enough to have raised a duty on defendant to discover and remove it * * *."

In the Weems case [266 Ala. 415, 96 So.2d 743] the substance was an "old, dirty, mashed lettuce leaf".

In the Bennett case, the leaf on which the plaintiff slipped was a vegetable leaf. "'It was green and kind of rolled * * * appeared to be rolled up or crushed'" and was dirty, pushed, or crumpled.

In each of these cases this court, after serious deliberation, concluded that there was a scintilla of evidence to go to the jury and that the affirmative charge was properly refused.

It is impossible to rationalize any distinction between the last three cited cases and the one at bar.

Mr. Justice MERRILL concurs in this dissent.