WRIGHT, Presiding Judge.
Defendant appeals from a judgment awarding $7,500 to plaintiff for injuries allegedly resulting from a “slip and fall.”
The dispositive issue is whether the evidence produced on behalf of plaintiff, Bill *955 Travis, was sufficient to support a finding of negligence on the part of defendant, Winn-Dixie. We find the evidence insufficient to support such a finding and reverse.
Our decision in a recent “slip and fall” case, Winn-Dixie Store No. 1501 v. Daisy Brown, 394 So.2d 49 (Ala.Civ.App., 1981), which likewise turned on the sufficiency of the plaintiffs proof, set forth the following:
In slip and fall cases, as in all negligence cases, the plaintiff has the burden of establishing by the evidence the negligence of the defendant. 15 Ala.Dig., Negligence, Key No. 121.1(8) ....
It is well settled that the duty upon the storekeeper, in a case such as this, is to exercise reasonable care in providing and maintaining reasonably safe premises for the use of the customer. Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968). The storekeeper is not an insurer of the customer’s safety while on the premises, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. Delchamps, Inc. v. Stewart, 47 Ala.App. 406, 255 So.2d 586, cert. denied, 287 Ala. 729, 255 So.2d 592 (1971).
As the burden of showing negligence rests with the plaintiff, it is necessary to prove: (a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance’s presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. S. H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957).
We set forth the above noting that the allocation of the burden of proof, the proof required in order to carry that burden and the standard of care required of the storekeeper are identical in the quoted case, the case now before us and in other “slip and fall” cases. The evidence of the plaintiff as to the issue of negligence in the present case, much like that produced in Brown, consisted of the following:
Travis was grocery shopping at Winn-Dixie in Eight Mile, Alabama, on Saturday morning, June 24, 1978. While pushing a grocery cart down the aisle in the store’s produce section he “stepped on something and slipped.” He fell forward, landed on his chest and was injured. After falling he noticed a brown paper bag, about the size of a lunch bag, on the floor some four feet behind him. He was looking where he was going but didn’t see the bag prior to his fall. He wasn’t sure if he had slipped on the bag, but it was “the only thing in the store there that I could have stepped on.” The bag had dirt and a footprint on it. The store “wasn’t real clean.”
In the instant case, as in Brown, plaintiff offered no evidence that the defendant had actual notice of the article allegedly causing the slip being on the floor at the time of the incident. Likewise, he offered no evidence from which it might be inferred that defendant was delinquent in not discovering and removing the offending article. See, Delchamps, Inc. v. Stewart, supra. With regard to constructive notice to the defendant, plaintiff argues that his proof of the condition of the brown bag imputes such notice.
Plaintiff’s testimony was that the brown bag had dirt and a footprint on it. Our cases in some instances have allowed the plaintiff to prove negligence on the part of the defendant by showing that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant. S. H. Kress & Co. v. Thompson, supra. In those instances it was not necessary for the plaintiff to enter direct evidence as to the length of time a foreign substance has remained on the floor; the trier of fact was able to infer the length of time from the nature and condition of the foreign substance. Foodtown Stores, Inc. v. Patterson, supra; Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274 (1953). Having reviewed *956 those cases where, from the condition of the foreign substance, the trier of fact imputed constructive notice to the defendant, we find that the evidence of such condition in this case provides no reasonable inference as to the length of time the bag was on the floor prior to plaintiff’s fall. That a paper bag, unnoticed by the plaintiff prior to his fall, had dirt and a footprint on it does not tend to show that it had been on the floor any appreciable length of time. In fact, the more logical inference is that the dirt and footprint were caused when Travis stepped, slipped and fell on the bag. See, S. H. Kress & Co. v. Thompson, supra. No presumption of negligence arises from the mere fact of injury to an invitee. See, May-bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590 (1967); Southern Minerals Co. v. Barrett, 281 Ala. 76, 199 So.2d 87 (1967); F. W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667 (1940).
We find the evidence insufficient to support a verdict based on the negligence of the defendant. The judgment of the trial court is due to be reversed.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result only.