We granted the petition for certiorari to review the Court of Civil Appeals', 414 So.2d 954, reversal of a "slip-and-fall" case on a sufficiency of the evidence ground.
The facts, as stated in the Court of Civil Appeals' opinion, are summarized as follows:
In June of 1978, Plaintiff Bill Travis slipped, fell, and was injured while pushing a grocery cart in the produce section of Defendant's store. At trial, Plaintiff testified that he saw a brown paper bag on the floor behind him immediately after he fell and that the bag had dirt and a footprint on it. The trial judge, ore tenus, found for Plaintiff, but the Court of Civil Appeals reversed, holding, in part:
 "In the instant case . . . plaintiff offered no evidence that the defendant had actual notice of the article allegedly causing the slip being on the floor at the time of the incident. Likewise, he offered no evidence from which it might be inferred that defendant was delinquent in not discovering and removing the offending article. See, Delchamps, Inc. v. Stewart, [47 Ala. App. 406, 255 So.2d 586, cert. denied, 287 Ala. 729, 255 So.2d 592 (1971)]. With regard to constructive notice to the defendant, plaintiff argues that his proof of the condition of the brown bag imputes such notice.
 "Plaintiff's testimony was that the brown bag had dirt and a footprint on it. Our cases in some instances have allowed the plaintiff to prove negligence on the part of the defendant by showing that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant. S.H. Kress Co. v. Thompson, [267 Ala. 566, 103 So.2d 171 (1957)]. In those instances it was not necessary for the plaintiff to enter direct evidence as to the length of time a foreign substance had remained on the floor; the trier of fact was able to infer the length of time from the nature and condition of the foreign substance. Foodtown Stores, Inc. v. Patterson, [282 Ala. 477, 213 So.2d 211 (1968)]; Great Atlantic Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274
(1953). Having reviewed those cases where, from the condition of the foreign substance, the trier of fact imputed constructive notice to the defendant, we find that the evidence of such condition in this case provides no reasonable inference as to the length of time the bag was on the floor prior to plaintiff's fall. That a paper bag, unnoticed by the plaintiff prior to his fall, had dirt and a footprint on it does not tend to show that it had been on the floor any appreciable length of time. In fact, the more logical inference is that the dirt and footprint were caused when Travis stepped, slipped and fell on the bag. . . ." (Emphasis supplied.)
Several general rules of Alabama law are applicable to our consideration of Petitioner's allegations of error. *Page 958 
I. The axiomatic ore tenus rule guides an appellate Court's review of the factual conclusions of a trial court. SouthernStates Life Insurance Co. v. Allan, 38 Ala. App. 467,87 So.2d 439 (1956).
II. A reviewing court may not redetermine the inferences to be drawn from the evidence. Elba Wood Products, Inc. v.Brackin, 356 So.2d 119 (Ala. 1978). This rule obtains "regardless of any view the [appellate court] may have as to the weight of the evidence and the [appellate court] must allow such reasonable inferences as the [factfinder] was free to draw, not inferences which the [appellate court] may think the more proper." Carraway Methodist Hospital v. Pitts, 256 Ala. 665, 57 So.2d 96 (1952).
III. The function of the appellate court, then, in a case tried without a jury, is to ascertain whether there is any credible, legal evidence from which the trial judge was reasonably able to draw his inferences. Hayes v. Kennedy,292 Ala. 362, 294 So.2d 739 (1974). The "scintilla" rule applies in these cases. Bonds v. Brown, 368 So.2d 536 (Ala. 1979).
IV. The duty of an owner or occupant (invitor) to the customers who come upon the premises (invitees) is that of keeping the premises reasonably safe. The invitor is not an insurer of the safety of the invitees. Great Atlantic PacificTea Co. v. Bennett, 267 Ala. 538, 103 So.2d 177 (1958).
V. The principle of res ipsa loquitur has no application to slip-and-fall cases. The plaintiff must show both the negligence of the invitor and that such negligence proximately caused the plaintiff's injury. Great Atlantic Pacific Tea Co.v. Bennett, supra.
To summarize these propositions, we restate the familiar: Where the evidence is sufficient to support reasonable inferences which would impose liability and others which would deny liability, and where the factfinder accepts the inferences favorable to one side of the litigation, the appellate court may not substitute its judgment for that of the factfinder as to the reasonableness of the inferences drawn.[1]
The ultimate issue, then, is whether the evidence, taken most strongly in the plaintiff's favor, supports a reasonable factual inference consistent with the plaintiff's theory of the defendant's negligence. If not, the plaintiff has failed to make out a prima facie showing of negligence, thus stripping the trial judge of his factfinding prerogative.
We hold that the evidence here was sufficient to support the trial judge's factual findings in favor of Plaintiff; thus, we reverse and remand.
The trial court and the appellate court, relying on the same precedential "slip-and-fall" decisions, came to contrary conclusions. While on the surface the case law seems less than altogether harmonious, a brief comparison of several of the apparently inconsistent cases reveals that the holdings are distinguishable on their facts, though, admittedly, their language is often confusing.
In Britling Cafeteria v. Naylor, 254 Ala. 84, 47 So.2d 187
(1950), the plaintiff found a bean on her shoe after falling. No evidence of a foreign substance on the defendant's floor, before or after the plaintiff's fall, was introduced into evidence. Reversing a plaintiff's judgment, the Supreme Court stated:
 "Mere proof that the injury could have happened in an alleged way does not warrant the conclusion that it did so occur, where it can with equal propriety be attributed to some other cause from the same proof. Alabama Power Co. v. Pierre, 236 Ala. 521, 183 So.2d 665."
Britling Cafeteria v. Naylor, 254 Ala. 84, at 86, 47 So.2d 187. *Page 959 
That the Naylor holding is correct is hardly debatable. Because of the remoteness of time between the incident of the plaintiff's fall and her discovering the bean on her shoe, clearly, the plaintiff's case rests purely on speculation as to causation. Instead of basing its holding on the "speculative and conjectural" rationale, however, the Naylor Court employed the confusing "with equal propriety be attributed to some other cause" language.[2] Taken literally, this language says the plaintiff bears the heavy, if not impossible, burden of excluding all reasonable inferences inconsistent with the plaintiff's theory of recovery; or, at least, the probabilities
must be unequal and in favor of the plaintiff's claim.
Taken to its ultimate conclusion, of course, this proposition, in its practical application, would eliminate the factfinding function of the jury. At any rate, the 50/50 (with equal probability) concept is violative of the "any credible, legal evidence," or "scintilla," rule; yet, it undoubtedly led to the later "more logical inference" language in Thompson,infra, as well as the repetition of this identical language by the Court of Civil Appeals in the instant case. While the "with equal probability" and the "more logical inference" language may well be appropriate as an appellate standard for rejecting a challenge to the propriety of the factual determinations at trial, each expression is inappropriate to characterize the plaintiff's burden of proof standard.[3]
A plaintiff's judgment in F.W. Woolworth v. Ney, 239 Ala. 233,194 So. 667 (1940), was reversed where the evidence showed that a banana peel on which the plaintiff slipped and fell was dark brown, dirty and crushed and that the area had not been swept for two hours. Ney, however, was distinguished eighteen years later in Great Atlantic Pacific Tea Co. v. Bennett,267 Ala. 538, 103 So.2d 177 (1958), on the basis that "[i]n the Ney
case the offending substance was a banana peel in a ten-cent store, a substance evidently dropped by a customer and not something which might be expected to be found on the floor of such a business." Bennett at 540, 103 So.2d 177. Moreover, inBennett, the foreign substance was "vegetable matter in a grocery store. Customers, as well as employees, in a grocery store are likely to be handling and carrying vegetables and dropping matter on the floor. It is a hazard of the business and on the store rests the burden to be on the alert for such hazards." Bennett at 540, 103 So.2d 177.
The trial court in the three "AP" cases (Great Atlantic Pacific Tea Co. v. Weems, 266 Ala. 415, 96 So.2d 741 (1957);Great Atlantic Pacific Tea Co. v. Popkins, 260 Ala. 97,69 So.2d 274 (1953); and Great Atlantic Pacific Tea Co. v.Bennett, supra), applying a consistent standard of review, found in each case an evidentiary basis for an inference as to the defendant's negligence. These cases are summarized inBennett:
 "The Popkins and the Weems cases held that from the condition of the offending substance upon the floor of the place of business, it could be inferred by the jury that the substance had been on the floor *Page 960 
long enough for the defendant, in the exercise of reasonable diligence, to have noticed it and had it removed. We are unable to rationalize any sound distinction between the Weems and Popkins cases and the one at bar. We think there was a scintilla of evidence to support the verdicts here. . . ." Bennett
at 540, 103 So.2d 177. (Emphasis supplied.)
In Popkins, the lettuce on which the plaintiff slipped was shown to have been dirty, ragged, and bruised; however, the judgment for the plaintiff was reversed on another issue. The evidence as to the foreign substance in Weems was disputed (supposedly lettuce), but the judgment for the plaintiff was affirmed on the basis of Popkins. The judgment for the plaintiff with regard to the issue of negligence was affirmed in Bennett, because the evidence showed that the foreign substance was crushed, dirty, and crumpled and was found in an area of customer travel.
The plaintiff in S.H. Kress Co. v. Thompson, 267 Ala. 566,103 So.2d 171 (1958), slipped and fell on a smeared, sticky, splattered substance which the evidence never specifically identified but which the defendant contended was "spit-out" candy. This Court reversed the judgment for the plaintiff, because:
 "[T]here was no evidence introduced as to how the foreign substance upon which [the plaintiff] slipped was on the floor. . . . Evidence was introduced to the effect that the foreign substance was `scattered and smeared' and many times bigger than a half-dollar, but such evidence as to the condition and size of the substance would not tend to show that it had been upon the floor for any appreciable length of time. In fact, the more logical inference as to the substance being scattered and smeared would be that this occurred when [plaintiff] slipped and fell on such substance." Thompson, at 569, 570, 103 So.2d 177. (Emphasis supplied.)
A further argument by the plaintiff in Thompson was that the defendant was negligent in its inspection of the floor. While finding that the porter, whose responsibility it was to inspect the first floor of the defendant's store, could not be everywhere at once, this Court stated that a finding for the plaintiff on that question would not have altered the outcome of the appeal. "In order to prove that there was a negligent inspection, it is still incumbent upon [plaintiff] to prove, or to offer evidence from which it can reasonably be said, that the foreign substance was on the floor at the time of the inspection." Thompson, at 570, 103 So.2d 177.
The evidence in May-Bilt, Inc. v. Deese, 281 Ala. 579,206 So.2d 590 (1968), was that the green bean on which the plaintiff slipped was green, hard, and fresh — evidence of a "nature and condition" which did not, in the opinion of this Court, support a reasonable inference as to the length of time the bean had been on the floor.
In Foodtown Stores, Inc. v. Patterson, 282 Ala. 477,213 So.2d 211 (1968), this Court quoted the "nature and condition of the offending substance" language from the previous cases, but rejected the defendant's argument based thereon. (The defendant claimed a reversal of the plaintiff's judgment was in order because the plaintiff offered no evidence as to the condition of the bean which caused his fall, and, therefore, there was no "sufficient length of time" basis upon which the trial court could have based its inference of the defendant's negligence.) Patterson went on to hold that:
a) The Court "judicially knows" that produce sections are now self-service in nature and that customers, by law, are not to bear the burden of discovering the additional hazard of vegetable matter on the floor;
b) Many factual questions must be considered in each case with regard to the condition of both the plaintiff and the defendant's premises. The Patterson Court found "ample evidence" to support an inference of defendant's negligence. This evidence included an employee's admitting that six or seven customers were at the produce counter ten minutes before the accident and that no sweeping had been done in the area in that ten-minute period; and *Page 961 
c) A "stop-watch" rule as to sweeping, cleaning, etc., is inappropriate in cases such as these because each case must be decided on its own facts; and the duties of the parties will depend upon the facts and circumstances of each case.
The Court's discussion of appellate consideration of these "factual matters" in Patterson was quoted with approval inWinn-Dixie v. Godwin, 349 So.2d 37 (Ala. 1977). Justice Shores, writing for the Godwin Court, said:
 "Several of these factual issues are, in fact, involved in this case, just as the court recognized as normal in such cases. But the point is: They are factual matters and, therefore, properly left to the jury for a determination of whether the defendant is negligent, and whether such negligence, if any, proximately caused the plaintiff's injury. There was evidence produced which entitled the jury to pass on the plaintiff's theory of the case." Godwin, at 38.
Then, in Winn-Dixie Store No. 1501 v. Brown, 394 So.2d 49
(Ala.Civ.App. 1981), the Court of Civil Appeals reversed a judgment for the plaintiff in a slip-and-fall case. The plaintiff offered no evidence that the defendant had actual notice of the foreign substance on the floor, or that the defendant had negligently failed to sweep at "regular intervals." Furthermore, except for the plaintiff's testimony that the vegetable matter on the floor "appeared fresh and green," there was no evidence presented from which a reasonable inference could be drawn as to the length of time the substance had been on the floor.
In the instant case, Plaintiff's counsel lays heavy stress on the "more logical inference" language in the Court of Civil Appeals' opinion. Plaintiff contends that the very use of the term "more logical" (which, incidentally, is the exact language used in Thompson, supra) denotes that the evidence supportsother logical inferences as to what caused the dirt and footprint on the paper bag on which Plaintiff slipped and fell. While, from a purely grammatical point of view, Plaintiff's contention is well taken and, while we acknowledge that the "more logical inference" language is somewhat unfortunate, we believe that undue emphasis on this language is an unreasonable interpretation of the real basis of the appellate court's holding.
A fairer interpretation is that by the use of this language the Court of Civil Appeals is really saying that it finds no
reasonable inference from the evidence to support the trial court's finding of the essential elements of Plaintiff's claim.
Where the evidence does not rise to the degree of affording any reasonable inferences as to a defendant's negligence, the factfinder may not indulge in speculation as to mere possibilities. An appellate court may not, on the other hand, usurp the factfinder's decision as between two inferences, both reasonable under the evidence.
The fact that one inference is stronger than another is not the appropriate test. The test is whether there was any credible, legal evidence from which the factfinder may reasonably draw its inferences of fact.
Applying this test, consistent with its long standing application as attested by the authorities cited herein, we hold the evidence of record in the instant case is sufficient to support the trial court's findings; and that appellate review of the judgment, as against a sufficiency of the evidence challenge, is governed by the ore tenus standard.
The judgment of the Court of Civil Appeals is reversed and the cause remanded for judgment consistent with this opinion.
REVERSED AND REMANDED.
All the Justices concur except ADAMS, J., not sitting.
[1] It should be noted that these propositions are clearly and aptly set out in the opinion of the Court of Civil Appeals, and that our reiteration of these principles is not intended to signal a variance between the two courts as to the applicable law. Rather, our difference is merely one of interpretation and application of settled legal principles with respect to a given set of facts.
[2] Incidentally, the use of the term "with equal propriety," in all likelihood, is an inadvertence. Naylor's cited authority(Pierre) uses the term "with equal probability"; and, further,Pierre's use of the term is in the context of affirming the trial court's findings.
[3] It is interesting to note that the authority cited in Naylor(Pierre), for its "with equal propriety" test, quotes a fuller explanation of the stated doctrine from the earlier case ofSouthern Railway Co. v. Dickson, 211 Ala. 481, 100 So. 665
(1924):
 "But a nice discrimination must be exercised in the application of this principle. As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence." Dickson, at 486, 100 So. 665. *Page 962