BEATTY, Justice.
Defendant, Western Supermarkets, Inc. (“Western”), appeals from a judgment for plaintiff Michele Keith based on a jury verdict in an action arising out of her slip and fall in one of the defendant’s stores. Mrs. Keith cross-appeals from the trial court’s order of remittitur. We affirm in part, reverse in part, and remand.
On January 12, 1984, Mrs. Keith entered the Western supermarket in Trussville, Alabama, to shop for groceries. Moments after entering the store, she slipped and fell, striking her head on the delicatessen counter and landing on her right side. According to her testimony, after Western employees came to her assistance and helped her into a chair, she noticed a shiny wet spot on the floor where she had slipped. She described this foreign substance as “dirty” and said that the spot was about three or four inches in diameter. Although the two Western employees who assisted Mrs. Keith after the accident, the assistant manager and a grocery bagger, *318 testified that they did not see any foreign substance on the floor, Mrs. Keith maintains that she showed the spot to both of them.
Mrs. Keith was six and one-half months pregnant at the time of the accident. Although she did not appear to be injured after the fall, Mrs. Keith soon felt a uterine contraction and was admitted to a hospital for observation and X-ray, neither of which revealed any apparent injury to either her or the unborn child. Thereafter, she did develop complications during the remainder of her pregnancy, but her obstetrician did not attribute these to the fall. She delivered a full-term, healthy baby girl.
On June 18, 1984, Mrs. Keith filed this action against Western based on negligence and wantonness in maintaining the floors of its Trussville store. She claimed to have suffered physical pain and mental anguish, to have had exceptional difficulty in the labor and delivery of her child, and to have incurred medical expenses related to the fall. Her husband, Tim Keith, joined the complaint, making a claim for loss of consortium. The case proceeded to trial before a jury, but during the trial the plaintiffs dismissed the wantonness and loss of consortium claims. The jury returned a verdict in favor of Mrs. Keith and against Western in the amount of $25,000. Thereafter, Western filed motions for JNOV, new trial, or remittitur. The trial court granted the motion for remittitur and ordered the plaintiff to remit all sums in excess of $15,000. Mrs. Keith accepted this remittitur, and the trial court entered judgment accordingly. These appeals followed.
Three issues are presented for our review:
(1) Whether the trial court erred in charging the jury on actual or constructive notice;
(2) Whether the evidence is sufficient to sustain a verdict for the plaintiff; and
(3) Whether the trial court erred in ordering a remittitur.
I.
Western first argues that the trial court erred in refusing to give Western’s written requested charge as to the plaintiff’s burden of proof on actual or constructive notice. Western asserts that the trial court’s oral charge on this subject was erroneous, misleading, and incomplete. The trial court instructed the jury, in pertinent part, as follows:
“So, let’s look to the situation, then, when you have a person who is a business invitee on the premises of another, what duty is owed to that party or that person. The duty of the owner or the occupant of premises to an invitee or to a business invitee is to be reasonably sure that it is not inviting another into danger and to exercise ordinary care to render and to keep the premises in a reasonably safe condition. After the defendant has discovered any such unsafe condition or in the exercise of reasonable care that the defendant should have or could have discovered any such unsafe condition [sic].” (Emphasis added.)
At the conclusion of its oral instructions, the trial court asked if there were any objections to the charge:
“THE COURT: Any exceptions? What saith the plaintiff.
“MR. HENINGER: None from us.
“THE COURT: What saith the defendant?
“MR. LLOYD [counsel for Western]: Yes, sir, I would like — I had requested a charge for constructive notice, for actual notice, and would like it made a part of the record.
“THE COURT: All right, sir, go ahead. Well, just—
“MR. LLOYD: Do you want me to read it in?
“THE COURT: Yes, I think that’s what you want to. You can read the number and read the charge, if you would like applied [sic].
“MR. LLOYD: This would be defendant’s requested jury charge number 1. The court charges the jury that the burden of proof rests upon the plaintiff, Michele Keith, to prove to your reasonable satisfaction that (a) there was a *319 foreign substance on the floor, and (b) any of the following: One, that the defendant, Western Supermarket, had constructive notice of the foreign substance by the length of time it was on the floor or, two, that the defendant, Western Supermarket, had actual notice of the presence of the substance on the floor or, three, that the defendant, Western Supermarket, was negligent in not discovering and removing the substance. And the cite for that is S.H. Kress, K-re-s-s, and Company, versus Thompson, 267 Ala. 566, 103 So.2d 171, 195[7].
“THE COURT: All right. Any further exceptions?
“MR. LLOYD: No, sir.” (Emphasis added.)
Mrs. Keith argues that Western’s trial counsel failed to state any grounds for its objections to the trial court’s refusal to give the requested charge; thus, she contends that, on the basis of Rule 51, A.R. Civ.P., Western has waived its right to appellate review. Nevertheless, assuming arguendo that Western’s objection did preserve this issue for our review, we hold that the trial court did not err in rejecting Western’s requested jury charge number one.
In support of its argument that it is entitled to the requested charge, Western cites the case of S.H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957). Western contends that the trial court must instruct the jury that, in the absence of proof of actual notice, the plaintiff had to prove that the foreign substance was on the floor a sufficient length of time to impute constructive notice, either by offering direct evidence as to its length of time on the floor, or by offering evidence as to the condition of the substance. S.H. Kress & Co., however, does not stand for the proposition that a jury must be charged as to what the evidence must establish in order for the jury to find that a storekeeper had constructive notice. Indeed, it is from the duty of care owed and the evidence at trial that a jury makes that determination. S.H. Kress & Co. merely holds that there must be sufficient evidence adduced from which the jury could reasonably find that the defendant had constructive notice:
“[T]o prove negligence on the part of the defendant it is necessary to prove that the foreign substance was on the floor a sufficent length of time to impute constructive notice to the defendant, or that he had actual notice, or that he was delinquent in not discovering and removing it. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. Concerning this element of proof, Justice Holmes in Goddard v. Boston & M.R. Co., 179 Mass. 52, 60 N.E. 486 [(1901)], having affirmed the decision below for the defendant, stated:
“ ‘The banana skin upon which the plaintiff stepped and which caused him to slip may have been dropped within a minute by one of the persons who [were] leaving the train. It is unnecessary to go further to decide the case.’
“It is not necessary, however, to enter direct evidence as to the length of time a foreign substance has remained on the floor; it is permissible to allow a jury to infer the length of time from the nature and condition of the foreign substance. In Great Atlantic & Pacific Tea Co. v. Popkins, supra, wherein the plaintiff slipped on a lettuce leaf, this court stated [260 Ala. 97, 69 So.2d [274], 276 [(1953)]]:
“ ‘ * * * The lettuce leaf was shown to have been dirty, crumpled and mashed. The jury could find from that condition that it had been on the floor long enough to have raised a duty on defendant to discover and remove it. * * * > ))
The sufficiency of the evidence in this case is discussed below in part II.
It is well settled that a trial court’s refusal of a written requested charge is not error if the issues are fairly and adequately covered in the trial court’s oral charge. American Fire & Casualty Ins. Co. v. Bryan, 379 So.2d 605 (Ala.Civ.App.1979). Reviewing the trial court’s oral charge as a *320 whole, we find that the jury in this case was adequately charged as to Western’s duty and standard of care under these circumstances; namely, that the defendant’s duty to a business invitee arises “[ajfter the defendant has discovered any such unsafe condition or in the exercise of reasonable care that the defendant should have or could have discovered any such unsafe condition.” Accordingly, we hold that the trial court’s oral instructions to the jury were adequate and correct, and that there was no error in rejecting Western’s written requested charge.
II.
Second, Western contends that the evidence adduced by the plaintiff in this case is insufficient to sustain a verdict for her. We disagree.
The standards applicable to a slip and fall case such as this are well stated in Winn-Dixie Store No. 1501 v. Brown, 394 So.2d 49, 50 (Ala.Civ.App.1981):
“[Tjhe duty upon the storekeeper, in a case such as this, is to exercise reasonable care in providing and maintaining reasonably safe premises for the use of the customer. Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968). The storekeeper is not an insurer of the customer’s safety while on the premises, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. Delchamps, Inc. v. Stewart, 47 Ala.App. 406, 255 So.2d 586, cert. denied, 287 Ala. 729, 255 So.2d 592 (1971).
“As the burden of showing negligence rests with the plaintiff, it is necessary to prove: (a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance’s presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. S.H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957).”
In the instant case, Mrs. Keith failed to offer any evidence that Western had actual notice that the wet spot was on the floor. Furthermore, she did not attempt to offer any direct evidence as to the length of time that the foreign substance remained on the floor. However, under certain circumstances, the jury will be allowed to infer the length of time that the substance had remained on the floor from the nature and condition of the foreign matter. Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874 (Ala.1982). Our cases have allowed the jury to infer that the substance had been on the floor long enough to raise a duty on the defendant to discover and remove it, in cases in which the substance is dirty, crumpled, mashed, or otherwise deteriorated. S.H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957).
In response to questions as to the nature and condition of the foreign substance, Mrs. Keith testified as follows:
“Q. Describe for the jury, if you would, what that area looked like when you recognized what it was.
“A. It was dirty, it was about three or four inches big. There wasn’t a lot of it left on the floor because I had fallen in it, some of it was on my coat.”
Later, on cross-examination, she continued:
“Q. Okay and tell me again what you saw on the floor?
“A. It was a spot about three to four inches big and it was dirty and it was wet. Whether it was actually grease or water or what it could have actually been, when I sat up and they put me in the chair, I pointed it out to the people that were standing there that that is what I slipped on.
[[Image here]]
“Q. Could you tell whether the substance that was there had been there for a while? Do you have any way of telling whether that had been there for a while?
“A. Just the fact that it was dirty.
“Q. But you are not sure whether it was water or grease?
*321 “A. It was shiny and wet.”
Mrs. Keith presented evidence that the wet spot appeared “dirty.” Thus, the critical question is whether the jury could have reasonably inferred from her testimony that the wet spot had been on the floor a sufficient length of time to impute constructive notice of the condition to Western. Notwithstanding the testimony of Western’s employees with regard to their sweeping, cleaning, and observing the floor at regular intervals, we conclude that the evidence, with all reasonable inferences possible to be drawn from it, was sufficient for the consideration of the jury. The resolution of the conflicts in the testimony is a factual matter that was properly left to the jury for a determination of whether the defendant was negligent. Therefore, we conclude that Mrs. Keith produced evidence that entitled the jury to pass on her theory of the case. Winn-Dixie v. Godwin, 349 So.2d 37 (Ala.1977).
III.
Finally, Mrs. Keith contends through her cross-appeal that the trial court erred in remitting the jury verdict to $15,000 and that the original jury verdict of $25,000 should be reinstated.
In Hammond v. City of Gadsden, 493 So.2d 1374, 1378 (Ala.1986), we discussed the circumstances in which a trial or appellate court may deem a jury verdict to be flawed and the implications of that determination:
“We begin by recognizing that the right to a trial by jury is a fundamental, constitutionally guaranteed right, Art. I, § 11, Const, of 1901, and, therefore, that a jury verdict may not be set aside unless the verdict is flawed, thereby losing its constitutional protection. It is only in those cases that a trial court, pursuant to A.R.Civ.P. 59(f), and this Court, pursuant to Code 1975, § 12-22-71, may interfere with a jury verdict. Insofar as damages are concerned, a jury verdict may be flawed in two ways. First, it may include or exclude a sum which is clearly recoverable or not as a matter of law, or which is totally unsupported by the evidence, where there is an exact standard or rule of law that makes the damages legally and mathematically ascertainable at a precise figure. In these situations, a trial court may, and should, reduce or increase the amount of the verdict to reflect the amount to which the parties are entitled as a matter of law. Second, a jury verdict may be flawed because it results, not from the evidence and applicable law, but from bias, passion, prejudice, corruption, or other improper motive.”
There is no indication that the instant case would fall in the first category. Although Mrs. Keith seeks to recover for her medical expenses and lost wages, she does not dispute the fact that the primary portion of the damages she seeks would be attributable to the physical pain and mental anguish that she claims she suffered due to the fall. There is no precise mathematical formula for ascertaining these kinds of damages. Thus, in order to conclude that the jury verdict in this case is flawed, the trial court must conclude that the verdict resulted from bias, passion, prejudice, corruption, or other improper motive.
The trial court entered an opinion according to the guidelines of Hammond, supra, in which it recorded the factors it considered in ordering the remittitur. In that opinion, the court recognized that it is required by law to be very reluctant to interfere with a jury verdict unless there is evidence of bias, prejudice, or other misconduct during the trial. However, the court then conceded that none of those fatal flaws was present during the trial of this case. The remainder of the opinion contains the trial court’s articulate discussion of the factors leading it to believe that the jury verdict of $25,000 is excessive. We must disagree with that determination. A trial court may not order a remittitur reducing a jury verdict merely because it believes that the verdict overcompensates the plaintiff. B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala.1979); Vest v. Gay, 275 Ala. 286, 154 So.2d 297 (1963). The trial court may not substitute its personal judgment for that of the jury.
*322 Consistent with the trial court’s finding, we find that the jury award of $25,000 is not based on bias, passion, corruption, prejudice, or improper motive. We, therefore, reinstate the original jury award of $25,000 and direct that judgment be entered accordingly.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX and ALMON, JJ., concur.
HOUSTON, J., concurs in the result.