158 So.2d 645

**TUSKEGEE AUTO PARTS**

v.

**DIXIE HIGHWAY EXPRESS, INC.**

**5 Div. 777.**

Supreme Court of Alabama.

Dec. 12, 1963.

Harry D. Raymon, Tuskegee, for appellant.

Wm. C. Hare, Tuskegee, for appellee.

SIMPSON, Justice.

Appeal from the Macon County Circuit Court, at Law, from a judgment on a verdict directed with hypothesis by the Judge of that court in favor of the defendant.

The complaint claims damages from appellee on the ground that appellee, as a common carrier, negligently allowed a machine of great weight to be placed in a covered van to be delivered to appellant, "knowing that the said machine was crated in a wooden frame and would have to be removed from the said covered van at the point of destination", and appellee attempted to remove the machine from the covered van, "but that it was impossible to remove the said machine as crated and placed in the said van from the said covered van without causing the same to slide and fall from the said van, and the said machinery did fall and was damaged * * *", all as a proximate result and consequence of the negligence of appellee in accepting the machine for transportation in the manner in which it was protected for shipment in a covered van.

At the conclusion of the testimony the trial judge gave the affirmative charge with hypothesis as was requested by appellee; the jury returned a verdict in favor of appellee. Judgment was entered accordingly.

Appellant has made three assignments of error in this Court, all three in substance, charging error in giving the affirmative charge with hypothesis, and refusing to allow the case to go to the jury.

We refer to the pertinent rules here governing.

■ The scintilla rule prevails in Alabama, in civil cases, and if there was a mere gleam, glimmer, spark or the smallest trace or a scintilla of evidence or inference to be drawn therefrom in support of the theory of defendant's liability, a case must go to the jury.—Louis Pizitz Dry Goods Co. v. Harris, 270 Ala. 390, 118 So.2d 727; Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453; Pappa v. Bonner, 268 Ala. 185, 105 So.2d 87; Chesser v. Williams, 268 Ala. 57, 104 So.2d 918; Alabama Great Southern R. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190.

■ A directed verdict for the defendant can only be justified upon the theory that a plaintiff, upon whom rested the burden of establishing his right to recover, (1) wholly failed to adduce evidence to support his cause of action, or (2) that testimony of plaintiff's own witnesses, without conflict, made out a defense of defendant. But if plaintiff makes out a prima facie case and the defense is dependent upon oral testimony, the court must leave credibility of the evidence to the jury.—Schoenith, Inc. v. Forrester, 260 Ala. 271, 69 So.2d 454.

■ The case of McCarthy v. Louisville & N. R. Co., 102 Ala. 193, 14 So. 370, in one of its aspects is directly in point and we feel decisive, of the case at bar. Quoting from that opinion:

"If the improper loading was apparent,—that is, was a fact which addressed itself to the ordinary observation of the carrier's servants,—or if it was not apparent, but the carrier was yet guilty of negligence, but for which the injury would not have happened, the carrier would be liable notwithstanding the negligence of, or imputable to, the plaintiffs. If the cars used in this transportation were close [sic] cars, and came to the defendant with

their doors closed, so that without opening the doors the condition of their contents could not be seen, we should say the improper loading, if they were, indeed, improperly loaded, was not apparent within the meaning of the rule we have stated. In such case there would be, we think, no duty on the connecting carrier to open the cars and inspect their contents, which were not of a character to require such attention, assuming proper loading in the first instance."

This seems rather conclusive in support of the action of the trial court in directing the verdict in favor of appellee. The evidence showed without dispute the machinery was loaded in a closed van in Springfield, Massachusetts, on a van operated by and in the name of Associated Transfer, Inc.; was transported over 1,200 miles to Montgomery, Alabama and later Tuskegee, Alabama; the only connection appellee had with the van and its contents was to connect its tractor to the van and haul it to Tuskegee, where appellee's driver parked the truck at appellant's instruction. The evidence shown by appellant's own witnesses, was that appellee had nothing to do with crating, loading or hauling the machinery to Montgomery. Appellee's driver did not open the van and inspect the machinery before hauling it to Tuskegee and was not there requested to aid in unloading the machinery (even if this would have made a difference). Nowhere in the evidence is it shown that appellee opened the van before delivering it in Tuskegee, or had any duty to do so. Only through the bill of lading did appellee's driver know what was in the covered van because at no time was it shown that the van was opened in appellee's possession. This state of undisputed evidence would bring this case squarely within the exception to the rule set forth in the McCarthy case, supra; i. e., the van was a closed van, and came to appellee with its doors closed and any improper loading would not be apparent within the rule since there was no duty upon the connecting carrier to open the van and inspect its contents,

as the contents were not of a character requiring inspection.

We conclude the case was properly withheld from the jury's consideration.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.