177 So.2d 912

**MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, OMAHA**

v.

**Hobson R. HARRIS.**

**8 Div. 140.**

Supreme Court of Alabama.

Aug. 12, 1965.

J. Kirkman Jackson, Birmingham, for appellant.

Howell T. Heflin, Tuscumbia, for appellee.

GOODWYN, Justice.

Appeal by defendant below (insurer) from a judgment rendered on a jury's ver-

dict in favor of appellee, the beneficiary under an insurance policy issued by appellant to appellee's wife. There was no motion for a new trial.

The claim is based on an accidental death provision contained in a rider to the policy. This rider (designated as the "Golden Anniversary Travel Accident Death Benefit Rider") provides, to the extent here pertinent, for payment of $2,000 to the beneficiary if the insured dies from accidental injuries received "during any term of the policy which begins on or after April 1, 1959, and for which an annual premium has been paid in one sum." The insured wife died on June 10, 1959, as the result of accidental injuries received on May 25, 1959. The point at issue, which the jury resolved in favor of appellee, is whether the accident occurred during a term of the policy *beginning on or after April 1, 1959*. The original policy was issued under date of April 23, 1947, and provides for payment of quarterly premiums on the first day of August, November, February and May. On May 30, 1959, an annual premium was paid. The premium payment immediately prior thereto was a quarterly premium paid on February 24, 1959.

Appellee testified that no change had been made in the quarterly terms provided for in the policy. He further testified that the quarterly payment made on February 24, 1959, was for the quarter beginning February 1, 1959, and, in effect, that the annual premium payment made on May 30, 1959, was for the year beginning May 1, 1959. There appears to be no question that, if May 1, 1959, was the correct due date for payment of a quarterly premium, the annual premium payment made on May 30, 1959, was within the grace period of the policy and would support a recovery by appellee.

Appellant introduced in evidence copies of premium records kept in its home office and contends such records show that the quarterly payment due on February 1, 1954, was not paid until May 22, 1954; that such

payment was made after expiration of the policy's grace period and that the policy went into a state of lapse until a premium was paid; and that subsequent payments were entered as being due on the first day of June, September, December and March. In other words, the contention is that after the lapse there was an effective change in the quarterly premium due dates as provided for in the policy. Appellant also relies on answers to interrogatories in which appellee stated that the quarterly term during which the accident occurred began on Mach 1, 1959.

■■ The specific and decisive question presented for the jury's determination was whether the term of the policy during which the injuries were received began on May 1, 1959, as contended by appellee, or on March 1, 1959, as contended by appellant. On this issue, the evidence presented a question for the jury. Clearly, there was at least a scintilla of evidence supportive of the position taken by appellee. Accordingly, it was not error to refuse appellant's requested affirmative charge with hypothesis. The generally referred to "scintilla rule" prevails in Alabama in civil cases. That is, "if there was a mere gleam, glimmer, spark or the smallest trace or a scintilla of evidence or inference to be drawn thereform in support of the theory of defendant's liability, a case must go to the jury." See: Tuskegee Auto Parts v. Dixie Highway Express, Inc., 276 Ala. 1, 2, 158 So.2d 645, and cases there cited.

Appellant also assigns as errors the refusal of its requested charges to the effect that appellee could not recover on the theory appellant had waived its defense that the term in question began before April 1, 1959, or that it was estopped to assert such defense.

In the course of its oral charge, the court instructed the jury as follows:

"* * * If you are reasonably satisfied from the evidence in this case

that the last premium paid by Mrs. Harris, or on her account, on the policy sued on next prior to the annual premium paid on or about May 30, 1959, was the payment of the premium of $8.25 for the quarterly annual period beginning March 1, 1959, and expiring three months thereafter, then your verdict must be for the defendant."

This instruction, in effect, was the affirmative charge for appellant on the issues of waiver and estoppel. It withdrew from consideration by the jury any theory of recovery by appellee if the jury should find that the term in question began on March 1, 1959. The verdict of the jury obviously must have been based on a finding that the term of the policy began on May 1, 1959, as contended by appellee. In view of that finding, there is no need of dealing with any question of waiver by or estoppel against appellant. Those questions would have come into play only if the jury had first found that the term began on March 1, 1959, as contended by appellant, instead of May, 1, 1959.

What we have said is equally applicable to the assignments dealing with the admission of evidence on the issues of waiver and estoppel.

Appellant also charges errors in the overruling of its two motions for a continuance. The first motion was made while appellee was on the stand. Counsel for appellant stated he was surprised by appellee's tesimony contradicting his answers made in response to appellant's interrogatories and wanted time to get evidence from the home office to rebut such testimony. He further stated:

"* * * We have got some transcripts of the record there if you will permit us to enter those transcripts I will say nothing about it, but, otherwise, I want a postponment of this case."

No ruling of the trial court was made on this first motion.

Subsequently, an agent of appellant testified he was familiar with appellant's record-keeping procedure. Appellant then offered the copies of the records as evidence. Appellee objected to admission of such evidence on the ground that no adequate foundation had been laid. The objection was sustained. Appellant then moved for a continuance in order to get the original records from the home office. The motion was denied. The court then questioned the witness as to the origin of the copies. Appellant again offered the records in evidence and they were admitted over appellee's objection. The admission of these records cured any claimed error in denying a continuance.

Affirmed.

LAWSON, SIMPSON and COLEMAN, JJ., concur.