Jim Clark and his wife, Vinnie Clark, appeal from an adverse final judgment which, among other things: (1) declared void, and rescinded, a deed they and Ellen and James Wooley had executed; (2) required Jim and Vinnie Clark to pay into court the purchase price received for the property transferred by the deed; (3) ordered the sale of the real property which was the subject of that deed; and (4) declared that Charlie Clark, the deceased owner of the property, had ten children, who, or their heirs if deceased, were entitled to receive the proceeds from the sale of the property. We reverse and remand with instructions. *Page 811 
 Issue
The dispositive issue in this case is whether the trial court committed reversible error by ruling that the question of the legitimacy of Jack and Richard Clark, alleged to be the children of Charlie Clark, deceased, was irrelevant to the adjudication of this case.
 Facts
Plaintiffs, Jimmy C. Wilson, Ethel Dean Clark Goree, Sarah McQueen, Jessie Mae Billingsley, and Deloris Dixon, filed suit to rescind a warranty deed executed by Jim and Vinnie Clark and the Wooleys to James and Margaret Suttle. The grantors had represented to the Suttles they were the sole owners of the parcel of real property in question, located in Bibb County, and purported to convey full title to that property to the Suttles for a consideration of $12,000. The evidence indicates that defendants did not intentionally misrepresent they were the sole owners of the property, but mistakenly believed they were.
The evidence shows the property in question was possessed by Charlie Clark from 1922 until his death, intestate, in 1958 and all taxes on it had been paid. There is no evidence that any person, or persons, had any right or title to the land, or any lien or encumbrance on it, other than Charlie Clark and his heirs.
At the close of the plaintiffs' case, counsel for Jim and Vinnie Clark moved to exclude evidence offered by plaintiffs that two of the alleged ten children of Charlie Clark, Jack Clark and Richard Clark, were legitimate and legal sons and heirs of Charlie Clark. The trial court responded to that motion by stating:
 "Number One, Mr. de Graffenreid, it's no longer the law of this state that a bastard can't inherit from his father. The Supreme Court has stricken that law down. I think that certainly there's evidence before this Court that Jack and Richard Clark are children of Charlie Clark. Their legitimacy, not withstanding — so long as there is shown to this Court that Charlie Clark is deceased and his wife is deceased and he died intestate, and left these children, their legitimacy is no longer, as I can see it, a matter for adjudication by a court."
The trial court thereupon overruled the motion.
Jim Clark then testified to the effect that Jack and Richard Clark were not the legitimate children of Charlie Clark; if, in fact, they were his children at all.
The trial court entered a final judgment granting the relief requested by the plaintiffs. This judgment ordered, among other things, that: (1) the property in question be sold to the Suttles; (2) Jim and Vinnie Clark pay into court $10,560, said sum representing the amount of money Jim and Vinnie Clark had received from the Suttles minus expenses they had incurred in improving the property as well as taxes they had paid; (3) the $10,560 constituted the purchase price to be paid by the Suttles for the property; and (4) $8,760.74, the $10,560 minus attorneys' fees, be divided per stirpes among the ten children, or their heirs if deceased, of Charlie Clark.
This appeal ensued.
 The Decision
The trial court erred in its interpretation of the law concerning intestate succession as applied to illegitimate children inheriting from their father. The law regarding this matter has been stated by this court in Everage v. Gibson,372 So.2d 829 (Ala. 1979) and followed in Cowart v. Wheeler,378 So.2d 732 (Ala. 1979) and Shelly v. Woodyard [Ms. February 22, 1980] (Ala. 1979). In Everage, this court held that a child born out of wedlock may inherit from his intestate father, short of having been adopted by that father, only when the child has been legitimated by one of the following procedures: (1) a marriage by the parents and a clear and unambiguous recognition of the child by the father as his own; (2) the father filing a declaration of legitimacy in the probate court, or (3) a judicial determination of paternity made within two years of the birth of the child, during the lifetime of the father. *Page 812 
In this case reversible error occurred when it was ruled that the legitimacy of Jack and Richard Clark was not a relevant issue to be determined by the trial court in this case.Everage, Cowart, and Shelly, clearly hold that only children legitimate at birth or children legitimated after birth may inherit from their deceased fathers by way of intestate succession. We, therefore, reverse and remand the case to the trial court for further proceedings to determine whether Jack and Richard Clark were: (1) legitimate at birth; (2) legitimated according to one of the three procedures set forth in Everage; or (3) were illegitimate and never legitimated according to one of the procedures delineated in Everage. After making this determination the trial court should enter its judgment according to the principles set out in Everage.
We also point out that the trial court's decree only required Jim and Vinnie Clark to pay into court the purchase money received from the Suttles in consideration for conveyance of the property. The effect of rescission is to extinguish the contract. Southern States Life Insurance Co. v. Allan,38 Ala. App. 467, 87 So.2d 439 (1956). When that occurs the proper remedy is to restore all parties to the status quo ante, and each party should be placed in the position that party would have occupied had the conveyance not been made. See generally, 92 C.J.S. Vendor Purchaser §§ 561-566 (1955). The evidence was undisputed that part of the purchase price was received, and used, by Ellen Wooley; therefore, the trial court erred by failing to order that the Wooleys pay into the court the portion of the purchase price which they had received. The trial court's final decree on remand should contain such a requirement.
For the reasons assigned the judgment is reversed and the case is hereby remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and FAULKNER, ALMON and BEATTY, JJ., concur.