This is a misrepresentation case.
In January 1980 plaintiffs, Robert and LaDonna Garrett of Atmore, Alabama, purchased a 1978 Subaru pickup truck from defendant, Key Ford, Inc. of Pensacola, Florida. Plaintiffs were told by a salesman for defendant that the mileage on the truck, according to the odometer and the company's records, was 34,000 miles.
In June 1980 and after plaintiffs had put only 2,500 miles on the truck, it "started losing power" and "smoking real bad." Plaintiffs took the vehicle to a Subaru repair shop in Pensacola and were informed that the engine needed overhauling, at a cost of $930.32. Plaintiffs also learned that the truck had at least 82,000 miles on it.
On December 24, 1980 plaintiffs filed suit against defendant in the Circuit Court of Escambia County, Alabama, alleging false and reckless misrepresentation in the negotiations concerning the purchase of the automobile. Defendant moved to dismiss and/or quash service of process for lack of jurisdiction.
On February 23, 1981 the Circuit Court of Escambia County granted the motion and dismissed the case. Plaintiffs appealed to this court, which reversed and remanded the ruling of the circuit court. See Garrett v. Key Ford, Inc., 403 So.2d 923
(Ala.Civ.App. 1981).
On October 31, 1983 a jury trial was held. After plaintiffs presented their case defendant moved for a directed verdict, which was granted by the court. Plaintiffs filed a motion for new trial, which the court denied. They appeal.
The dispositive issue on appeal is whether the trial court erred in granting defendant's motion for directed verdict. We find no error and affirm.
It is well established in Alabama that a directed verdict is proper only where there is a complete absence of proof on a material issue or where there are no disputed questions of fact. Ritch v. Waldrop, 428 So.2d 1 (Ala. 1982).If there is any *Page 79 
conflict in the evidence for the jury to resolve, then the case must go to the jury and a directed verdict cannot be granted.Chandler v. Hunter, 340 So.2d 818 (Ala.Civ.App. 1976).
An action for fraud will lie if a defendant has misrepresented a material fact either willfully, recklessly, or by mistake, if a plaintiff relies on the misrepresentation to his detriment and if the plaintiff was damaged as a result of his reliance. Burroughs Corp. v. Hall Affiliates, Inc.,423 So.2d 1348 (Ala. 1982); Cecil Crews Chevrolet-Oldsmobile, Inc.v. Williams, 394 So.2d 912 (Ala. 1981); § 6-5-101, Code 1975. Where a complaint is framed and tried on the first and second alternatives in section 6-5-101, that is, misrepresentations made willfully or recklessly, the case will not be reviewed on appeal as if the cause of action had been stated under the alternate provision of the section as to misrepresentation made by mistake. Sims v. Callahan, 269 Ala. 216, 112 So.2d 776
(1959).
In the instant case plaintiffs filed their complaint against defendant, stating:
 "The representations made by defendant's agent were false and that the pickup had 34,316 miles on it was false and the defendant knew or should have known
that they were false or defendant without knowledge of the true facts recklessly misrepresented them with the intention that the plaintiff would rely upon them." (Emphasis added.)
Thus, it appears that plaintiffs framed their cause of action under the first two alternatives in section 6-5-101, that is, misrepresentations made willfully to deceive or recklessly without knowledge and acted on by the opposite party.
Turning next to the evidence, it is without dispute that defendant's agent represented to the plaintiffs that the truck had only 34,000 miles on it. It also appears from the evidence that in all likelihood the truck had been driven considerably more miles than the odometer reading of 34,000. However, there is no evidence that the salesman knew or had reason to know that the truck had more miles on it than was shown by the odometer. On the contrary, only after searching the chain of title on the vehicle was it discovered that the odometer had been tampered with. The truck had originally belonged to R.T. Tomas, who purchased it new in late 1977 or early 1978 from Five Flags Motors in Pensacola. Service records on the truck indicated that as of August 31, 1979 the odometer reading was 82,093. Apparently, Tomas traded in the truck or sold it to Bob Salter Chevrolet, who in turn sold it to K.E. Renfroe. When Renfroe bought the vehicle, the odometer statement listed the mileage as 30,723. Renfroe then either sold or traded the truck to defendant, Key Ford, Inc. At that time the odometer reading was 33,040. When defendant sold the truck to plaintiffs, the represented mileage was about 34,000.
After a careful review of the evidence, we are convinced, as was the trial court, that there was no evidence that defendant acted willfully or recklessly in representing that the mileage on the automobile was 34,000.
In brief plaintiffs now seek to have this case reviewed and treated as if the cause of action had been stated under the alternative provision of section 6-5-101, that is, the misrepresentation was innocent and based on mistake. However, the complaint was framed and the case was tried on the first two alternatives of section 6-5-101: "Misrepresentations of a material fact made willfully to deceive, or recklessly withoutknowledge." (Emphasis added.) The contentions in the instant case should be considered in the light of the allegations of the complaint. Sims v. Callahan, supra. Accordingly, we will review the case on the same basis on which it was tried, seeShoemaker v. Money, 409 So.2d 847 (Ala.Civ.App. 1981); Briggsv. Woodfin, 388 So.2d 1221 (Ala.Civ.App. 1980), i.e. misrepresentations made willfully or recklessly.
Since there was a complete absence in the record of any proof that defendant made the statement willfully or recklessly, *Page 80 
the trial court's granting of a directed verdict was proper and its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.