The plaintiff appeals from a directed verdict in favor of the defendants. We reverse and remand.
Henry Davis, the plaintiff, was injured when a truck owned by Dauphin Construction Company, Ltd., (Dauphin) and driven by Dauphin employee Willie Anderson collided with his vehicle. Davis filed suit against Anderson and Dauphin and against Michael Balthrop, Robert Weaver, and Allen Horn, individually and as owners or partners of Dauphin. The complaint alleged negligence on the part of Anderson "while acting as the agent, servant or employee" of Dauphin and its owners. Prior to trial, Davis obtained a default judgment against Anderson. That judgment is not at issue in this appeal.
On the afternoon of May 26, 1980, Davis was driving west in his pickup truck on Spice Pond Road in Mobile County at approximately 35 miles per hour. The Dauphin truck driven by Anderson was traveling east at approximately 55 miles per hour, which was the speed limit for that area. At a curve in the road, the truck driven by Anderson moved into Davis's lane. Davis attempted to avoid a collision by driving off the side of the road to the right, but the truck driven by Anderson struck his vehicle on the left side. Davis sustained physical injuries and his truck was "totalled" in the collision.
The collision occurred at approximately 5:30 p.m. and was witnessed by Reuben Johnson, who was traveling east behind Anderson. Johnson, testifying in the plaintiff's behalf, stated that he was forced to stop after the accident because the two trucks were blocking the road. After that testimony, the following exchange then occurred:
 "Q. [Plaintiff's Attorney] And did you talk to [Anderson] after the accident?
 "A. [Johnson] Yes. I took him to the telephone to call his company to tell them that he had an accident and he wouldn't be back to report in.
 "Q. You took him to the telephone? You took him, personally, to the telephone?
"A. His truck was out of commission.
"Q. To call his company?
"A. Right.
 "Q. To tell them that he had had an accident and wouldn't be able to report back in?
"A. Right.
 "Q. In other words, he was telling them that he was —
 "[Defendants' Attorney] I'm going to object to that, Judge.
 "Q. — going to come in, but he couldn't come in — couldn't, because of the accident. Is that right?
"THE COURT: Sustained.
"A. Right
"THE COURT: Did you make a motion to —
 "[Defendants' Attorney]: I make a motion to strike that from the record.
"Q. Now, did you —
"THE COURT: Granted."
Johnson also stated that there was a ladder, a wheelbarrow, and "something else" on the Dauphin truck at the time of the collision. The plaintiff testified that in addition to the ladder and wheelbarrow, the Dauphin truck contained "some hoes and some shovels — and some more other items," including some sacks.
At the close of the plaintiff's case-in-chief, the defendants moved for a directed verdict. The motion was denied.
Defendants Michael Balthrop and Robert Weaver testified that Anderson did not have authority to drive the Dauphin truck at the time of the accident. Balthrop stated that the work day ended at 3:30 p.m., and Anderson should have returned the truck by 4:00 or 4:30 p.m. to the company lot where the truck and the tools used that day would be locked within a fence. Both Balthrop and Weaver stated that Anderson *Page 44 
was not on any errand or mission for Dauphin at the time of the accident. Balthrop acknowledged on cross-examination, however, that Anderson was not allowed to drive the company truck home at night and that at the time of the accident Anderson's personal van was in the company parking lot.
At the close of all the evidence, the defendants again moved for a directed verdict. After argument by counsel, the trial judge granted the motion and entered a judgment for the defendants. As this Court held in Tuskegee Auto Parts v. DixieHighway Express, Inc., 276 Ala. 1, 2, 158 So.2d 645, 646
(1963):
 "A directed verdict for the defendant can only be justified upon the theory that a plaintiff, upon whom rested the burden of establishing his right to recover, (1) wholly failed to adduce evidence to support his cause of action, or (2) that testimony of plaintiff's own witnesses, without conflict, made out a defense of defendant. But if plaintiff makes out a prima facie case and the defense is dependent upon oral testimony, the court must leave credibility of the evidence to the jury. Schoenith, Inc. v. Forrester, 260 Ala. 271, 69 So.2d 454 [1953]."
Where there exists a scintilla of evidence which would support a verdict in favor of the nonmoving party, a directed verdict may not be granted. Feaster v. American Liberty Ins. Co.,410 So.2d 399 (Ala. 1982). The trial court must submit the case to the jury "[i]f the evidence presents a mere gleam, glimmer, spark, smallest trace or scintilla to support the theory or to sustain the issue." Baker v. Chastain, 389 So.2d 932, 934 (Ala. 1980).
In reviewing a directed verdict case, this Court must examine the record to determine whether it contains a scintilla of evidence which would support the complaint. Ralls v. FirstFederal Savings Loan Association of Andalusia, 422 So.2d 764
(Ala. 1982). "[O]ur function is to view the evidence most favorable to the non-moving party; and if, by any interpretation, it can support any inference supportive of a conclusion in favor of the non-moving party, we must reverse."Herston v. Whitesell, 374 So.2d 267, 270 (Ala. 1979).
This Court stated in Perdue v. Mitchell, 373 So.2d 650, 653
(Ala. 1979):
 "To recover for damages for injuries sustained in an automobile accident against the driver's employer upon a theory of respondeat superior, it is incumbent upon plaintiff to prove that the collision occurred while the driver was within the scope of his employment, and happened while he was in the accomplishment of objectives within the line of his duties. Cook v. Fullbright, 349 So.2d 23 (Ala. 1977)."
It was uncontroverted at trial that Anderson was an employee of Dauphin and that he was driving a truck owned by the company. The only question was whether Anderson was acting within the line and scope of his employment at the time of the collision. We are of the opinion that Johnson's testimony that he took Anderson to a telephone so that he could call his employer Dauphin "to tell them he had an accident and he wouldn't be back to report in" raises at least an inference that Anderson was acting within the scope of his employment. Even though the plaintiff's evidence was admittedly slight, the evidence on this point was conflicting and should have been submitted to the jury for resolution. Merchants Bank v. Cotton,289 Ala. 606, 269 So.2d 875 (1972). See also State Farm MutualAuto. Ins. Co. v. Boyer, 357 So.2d 958 (Ala. 1978).
We note that defendants objected during Johnson's testimony concerning Anderson's call to Dauphin and that the trial court subsequently granted their motion to strike. There has been no contention, however, that Johnson's entire testimony concerning the telephone call was excluded. In fact, defendants state in their brief:
 "[Plaintiff's] remaining witness, Mr. Reuben Johnson, testified that he took Anderson to the telephone to call his company to `. . . tell them that he had had an accident and he wouldn't be back *Page 45 
to report in . . .' (R. 17). This is the only testimony in the transcript upon which [plaintiff] can rely to indicate an agency relationship between Anderson and the owner of the truck. . . .
 "[Defendants] point out to this Honorable Court that Mr. Johnson's statement (R. 17) is the only testimony presented at the trial upon which [plaintiff] can rely to establish a master-servant relationship."
While the testimony concerning Anderson's telephone call to Dauphin initially came in as an unresponsive answer to the question "And did you talk to [Anderson] after the accident?" no objection was made by the defendants at that time. Nor was any objection voiced when Johnson was asked whether Anderson had called his company "[t]o tell them that he had had an accident and wouldn't be able to report back in," and responded, "Right." It was only when plaintiff's attorney was attempting to paraphrase what Anderson had told Dauphin that defendants objected. An objection made after a witness has answered responsively to a question comes too late. Baldwin v.McClendon, 292 Ala. 43, 288 So.2d 761 (1974). Therefore, defendants' objection to this last question, which was sustained, could have had no effect on the prior question and answer. For this same reason, we conclude that the motion to strike was directed at and granted only as to Johnson's last answer.
For the reasons stated above, the judgment in favor of the defendants is reversed and this cause is remanded for further proceedings. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.