HOLMES, Judge.
This is a products liability case arising under the Alabama Extended Manufacturer’s Liability Doctrine (AEMLD).
Plaintiff brought suit against defendant for property damage incurred due to a fire in his home. Plaintiff alleged that the fire was caused by a defective box fan he had purchased from defendant and which was in operation when the fire occurred.
At the conclusion of plaintiff’s case, defendant moved for a directed verdict on the ground that plaintiff had failed to establish proximate cause. The learned trial judge granted the motion and entered a judgment for defendant. Plaintiff appeals. We reverse and remand.
A directed verdict is proper only where there is a complete absence of proof on a material issue or where there are no disputed questions of fact. Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala.1984); Garrett v. Key Ford, Inc., 456 So.2d 77 (Ala.1984). Thus, to survive a motion for a directed verdict, the plaintiff must present at least a scintilla of evidence. Davis v. Balthrop, 456 So.2d 42 (Ala.1984); Ralls v. First Federal Savings and Loan Association, 422 So.2d 764 (Ala.1982).
The scintilla rule requires that the evidence furnish “a mere gleam, glimmer, spark, the least bit, the smallest trace, in support of plaintiff’s complaint.” Cheatham v. General Motors Corp., 456 So.2d 1101, 1103 (Ala.Civ.App.1984). See also Watkins v. St. Paul Fire and Marine Insurance Co., 376 So.2d 660, 662 (Ala.1979); Owings v. Gullett, 437 So.2d 1050, 1052 (Ala.Civ.App.1983).
To establish a prima facie case of liability under the AEMLD, a plaintiff must show that he
“suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.”
Sears, Roebuck & Co. v. Haven Hills Farm, Inc., 395 So.2d 991, 994 (Ala.1981). See also Atkins v. American Motors Corp., 335 So.2d 134, 141 (Ala.1976); Cas- *898 rell v. Altec Industries, Inc., 335 So.2d 128, 132-133 (Ala.1976).
Among the requirements for establishing a prima facie case under the AEMLD, the plaintiff must “prove causation in fact, including proof that the defect caused the injury and that the defect is traceable to the [defendant.” Sears, Roebuck & Co., 395 So.2d at 995. See Atkins, 335 So.2d at 143. It is this requirement alone which defendant at trial asserted plaintiff failed to show and which was the basis for its motion for a directed verdict. Therefore, the only issue before this court is whether the record contains a scintilla of evidence which shows that the allegedly defective fan caused the fire and consequent damage to plaintiff's home. Davis, 456 So.2d at 44; Ralls, 422 So.2d at 766. We find that it does.
Considering the above principle of law, this court finds the following pertinent evidence in the record. The plaintiff testified that on July 4, 1981, a fire occurred in a bedroom of his home, causing substantial damage. Upon entering the room, plaintiff saw the box fan, the chair upon which it sat, and the surrounding carpet in flames; and smoke filled the room. Plaintiff testified that approximately a month prior to the fire he had purchased the box fan at defendant’s store in Muscle Shoals, Alabama, and that the fan bore a tag with defendant’s name on it. He further testified that he bought the fan fully assembled and that “[a]ll you’ve got to do is plug the fan in.” Plaintiff stated that he had used the fan several times in different parts of his home prior to the date of the fire, and he estimated that the fan had been running approximately one hour on July 4, 1981, before the fire was discovered.
Plaintiff also presented the testimony of one Sam Streater, who was qualified as an expert on electrical fires, including those caused by electrical appliances. Streater testified that an insurance adjuster had delivered the fan to him for inspection and' analysis approximately six months after the fire occurred. He stated that it was his opinion that the motor of the fan burned internally, i.e., that the fire which occurred in or on the fan began inside the motor, rather than externally.
Streater further opined that it was the fan’s motor which had caused the fire in plaintiff’s house. He admitted that he had not been to plaintiff’s home to view the scene of the fire, but stated that he had seen pictures of the same. In response to inquiry of the trial court itself, Streater stated that it was not always necessary for him to view the scene of a fire, if he could reach a conclusion as to the cause of the fire by examining the physical evidence, coupled with facts about the fire told to him. He further informed the court that he had concluded that the fire in this case was ignited by the motor of the fan and that he could exclude other causes, based upon his examination of the fan and the pictures of the scene of the fire which revealed burn patterns.
The Alabama Supreme Court has stated that showing causation in fact to establish a prima facie case under the AEMLD “is met only by a showing that the product’s failure of performance is causally related in fact to the product’s defective condition at the time of its sale.” Sears, Roebuck & Co., 395 So.2d at 995. In this court’s opinion the above-described testimony is at least a seintilla — a mere gleam or glimmer — of evidence that the fan’s failure to perform, due to its burning internally, was causally related to a defective condition which existed at the time plaintiff purchased the fan from defendant.
Defendant has not favored this court with a brief; therefore, we can only speculate as to the exact basis for defendant’s position that plaintiff failed to show proximate cause. During the presentation of plaintiff’s case, defendant objected to testimony of Streater on the ground that there was no evidence to show what happened to the fan between the date of the fire and its delivery to Streater approximately six months later.
Due to this “gap” in showing control of the fan, defendant could claim that causation in fact was not shown. We note, how *899 ever, that Streater testified that, although he did not know where the fan had been prior to its delivery to him, he knew that it had not been modified in any way. He based this opinion on his inspection of the fan, which revealed that the screws had not been loosened or the fan taken apart. Such testimony further shows that plaintiff met his burden of presenting a scintilla of evidence of causation in fact to withstand defendant’s motion for a directed verdict.
This case is reversed and remanded for proceedings not inconsistent herewith.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.