Orville and Linda Bishop filed a complaint against State Automobile Mutual Insurance Company (State Auto) seeking damages for breach of contract and bad faith refusal to pay an insurance claim. The trial court granted State Auto's motion for a directed verdict on the bad faith claim. A jury returned a verdict in favor of the Bishops on the contract claim and also awarded the Bishops $15,000 for punitive damages. The parties' joint motion to strike the punitive damages award was granted by the trial court. The Bishops appeal contending that the trial court erred in granting a directed verdict in favor of State Auto on the bad faith claim. State Auto cross-appeals contending that the trial court erred by giving two of the jury charges requested by the Bishops.
The facts pertinent to this appeal are as follows: Mr. and Mrs. Bishop purchased an automobile insurance policy with State Auto. Mrs. Bishop was involved in an automobile accident in November 1984, in which there were damages that she reported and claimed through State Auto's adjuster, Lee Gregory. It is undisputed that Gregory received notice of the accident from the Bishops. The Bishops received notices from State Farm Mutual Insurance Company (State Farm) that its insureds, which were involved in the accident, were claiming damages against the Bishops. State Farm demanded payment from the Bishops. Mrs. Bishop notified Gregory of the demands and was advised by Gregory to send the demands to him for State Auto to handle. It is undisputed that Gregory received this notice from the Bishops. Ultimately, State Farm filed an action against the Bishops to collect the damages.
The facts are disputed regarding the notice of the legal action. The Bishops contend that they notified Gregory by a telephone *Page 264 
call and that they mailed the summons and complaint in the same manner they notified him on numerous other occasions regarding the accident. The Bishops maintain that their contact with State Auto on this occasion was no different from other contacts regarding this accident and that they were assured that State Auto would handle the problem. Gregory contends that State Auto was never notified of the legal action against the Bishops, and therefore, State Auto was never afforded an opportunity to defend the Bishops. When the Bishops learned that State Farm had received a default judgment against them, the Bishops initiated this action against State Auto. At the trial in this case, the evidence revealed that the notice the Bishops contend they mailed to Gregory was, in fact, discovered in the insurance company files of another company.
The Bishops contend that the trial court erred by granting State Auto's motion for a directed verdict which resulted in refusing to allow the jury to consider the bad faith claim.
Motions for directed verdict test the sufficiency of the evidence and should not be granted if there is any conflict in the evidence for the jury to resolve. Rule 50, A.R.Civ.P.See, Independent Life Accident Insurance Co. v. Parker,470 So.2d 1289 (Ala.Civ.App. 1985). This action was filed prior to the enactment of the "substantial evidence rule" and, therefore, the applicable standard is the "scintilla rule." Ala. Code 1975, § 12-21-12. In a case under the scintilla rule, a directed verdict is improper if there is a scintilla of evidence supporting the theory of the complaint. Rice v.Merritt, 549 So.2d 508 (Ala.Civ.App. 1989); Joseph v. Staggs,519 So.2d 952 (Ala. 1988). Thus, if the evidence presents a mere gleam or glimmer supporting the bad faith claim, the trial court must submit the issue to the jury. Davis v. Balthrop,456 So.2d 42 (Ala. 1984). That is, after State Auto's motion for directed verdict, the Bishops were required to produce only a scintilla of evidence to show that State Auto's refusal to pay was the result of bad faith.
Our supreme court set out the elements of the tort of bad faith refusal to pay a valid insurance claim in NationalSecurity Fire Casualty Company v. Bowen, 417 So.2d 179, 183
(Ala. 1982), as follows:
 "(a) an insurance contract between the parties and a breach thereof by the defendant;
 "(b) an intentional refusal to pay the insured's claim;
 "(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 "(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim."
The plaintiff bears a heavy burden in such cases and must go beyond merely showing nonpayment. It is incumbent on the plaintiff to show that the insurance company had no legal or factual defense to the insurance claim. National Savings LifeInsurance Company v. Dutton, 419 So.2d 1357 (Ala. 1982). Further, "if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury." Dutton, 419 So.2d at 1362.
Subsequent to the Bowen decision, the supreme court adopted a standard in Dutton that is referred to as the "directed verdict on the contract claim standard." See, Burkett v. Burkett,542 So.2d 1215 (Ala. 1989). The majority stated that standard as follows:
 "In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim and, thus, entitled to recover on the contract claim as a matter of law." *Page 265 
Dutton, 419 So.2d at 1362. There have been few exceptions carved from the category of "ordinary bad faith cases" and those have been on a case-by-case basis. See, Ex parte BlueCross and Blue Shield of Alabama and Ex parte Jack J. Griffis,590 So.2d 270 (Ala. 1991).
In the instant case, State Auto presents a defense that legitimizes the denial of the Bishop's claim; i.e., State Auto defends its failure to defend the Bishops by stating that it had no notice or knowledge of the legal action by State Farm against the Bishops, and therefore, State Auto could not defend them. There was a factual dispute concerning the notice. The Bishops were not entitled to a directed verdict on the contract issue. The trial court properly determined that there was no evidence supporting the bad faith claim in the instant case, and, as in Dutton, that issue should not be submitted to the jury. Accordingly, it was proper for the trial court to issue a directed verdict in favor of State Auto on that claim.
In its cross-appeal, State Auto contends that the trial court erred by giving two jury instructions which were requested by the Bishops and to which State Auto objected. State Auto contends that the Bishop's requested jury charges number two and number nine were not supported in fact or in law. State Auto further contends that the charges were incorrect statements, and gave the jury a basis for returning a verdict against State Auto, even if the Bishops had not given proper notice of the lawsuits.
The law is well-settled that each party is entitled to have proper instructions given to the jury regarding the issues presented in the case. Liberty National Life Ins. Co. v. Smith,356 So.2d 646 (Ala. 1978). The entire charge must be reviewed on appeal to determine if there is reversible error. Allen v.Mobile Interstate Piledrivers, 475 So.2d 530 (Ala. 1985). The charge must be misleading or incorrect to be the subject of error. Kohn v. Johnson, 565 So.2d 165 (Ala. 1990). Any error or defect which does not affect the substantial rights of the parties may be disregarded. Rule 61, A.R.Civ.P.
We have reviewed the charges in their entirety as required and find that even if the charges should not have been given, State Auto's substantial rights were not injuriously affected and any error was harmless. See Mobile Paint Manufacturing Co.v. Crowley, 56 Ala. App. 673, 325 So.2d 182 (Ala.Civ.App. 1975). The jury was otherwise properly instructed and returned a specific verdict for the Bishops on the breach of contract claim that was entered as a final judgment by the trial court in an amount that was agreed upon by the parties. We will not reverse for an error without harm. Rule 45, A.R.App.P.
In view of the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.