This case involves an alleged fraud committed by one partner on another. A jury returned a verdict for the defendant. Two issues are raised on appeal:
 (1) Whether the trial judge erroneously instructed the jury on the appropriate "reliance" standard.
 (2) Whether the trial court improperly admitted evidence of the plaintiff's delinquency on loans concerning the real estate that was the subject matter of the fraud action.
 I.
The plaintiff, G. Reynolds Brabner III, and the defendant, Kenneth W. Canton, along with Nikki McLaughlin, were involved in a partnership to develop and rehabilitate real property located at 305 and 307 North Conception Street in Mobile, Alabama. *Page 1017 
The partnership obtained a loan from the Department of Housing and Urban Development ("HUD") to facilitate the remodeling of the property, and it executed a mortgage to secure the payment of the loan. The partnership experienced difficulties with HUD concerning the outstanding balance on the mortgage and, in 1984, discontinued its payments to HUD. After negotiations with HUD failed to resolve their differences, the partnership sued HUD to enjoin foreclosure proceedings. The lawsuit was terminated when the parties agreed to the entry of a consent judgment by which the partnership would pay to HUD the amount necessary to make the mortgage payments current as of August 1986. In 1986, Canton owned a 60.9% interest in the partnership, Brabner, 14.1%, and Nikki McLaughlin, the remaining 25% interest.
After the dispute with HUD was settled, Canton and Brabner entered into discussion concerning Brabner's buying Canton's share of the partnership. Canton had purchased McLaughlin's share, and was negotiating with Brabner to sell to him. These negotiations occurred in April 1987, in the office of Canton's lawyer, but Brabner was represented by a lawyer on these occasions. The closing occurred on May 4, 1987, at which time Brabner also purchased some property directly from Canton and signed a promissory note for its payment. Under the terms of the agreement, Brabner assumed the HUD mortgage. There was conflicting evidence concerning what transpired at the closing. Canton testified that he advised Brabner that the payments on the mortgage were not current, whereas Brabner disputed that testimony. In fact, Brabner claims that Canton told him that the mortgage payments were current.
There was also a dispute regarding the extent of Brabner's knowledge of the partnership books. Brabner testified that Canton was the managing partner and that Canton maintained the partnership books and had sole signatory authority over the joint venture checking account. Canton, while admitting that he was the managing partner, says that the evidence showed that Brabner was more closely connected to the partnership than he claimed, and that Brabner was involved in the determination of the amount to be paid to HUD. It is undisputed that Brabner assumed the mortgage, and that the mortgage payments were not current.
Brabner filed this fraud action in October 1990. He claimed that Canton had misrepresented the status of the HUD mortgage during negotiations that led up to the closing of the sale. He sought a rescission of the contract that transferred the real property to him. The primary basis of his claim was that Canton represented to him that the mortgage payments were current as of the time of the sale and that he believed him because Canton handled the partnership's books. Canton defended, claiming that he did inform Brabner that the mortgage payments were delinquent, and that the only reason Brabner was seeking rescission of the contract was that HUD was foreclosing on the property and this was caused by Brabner's failure to make the necessary HUD mortgage payments after the sale.
The case was tried before a jury. During the trial, the court granted a motion in limine filed by Brabner to exclude evidence of his delinquency in paying the HUD mortgage, and of his delinquency in paying the promissory notes executed by Brabner to Canton at the closing to pay for the separate parcels of property that Canton sold to Brabner. Brabner claimed that evidence of his delinquency after the sale was irrelevant. Canton, on the other hand, contended that the evidence was relevant to prove his affirmative defense that Brabner had not timely filed the fraud action.[1] Canton claimed that Brabner filed the action only after he received notice of foreclosure for failure to make the payments. Canton also argued that Brabner opened the door *Page 1018 
for the receipt of the evidence during the trial. The trial court initially granted Brabner's motion to exclude the evidence, but later reversed its decision and permitted Canton to present it to the jury.
The jury returned a verdict in favor of Canton. The trial court entered a judgment on the jury verdict, and refused to grant Brabner's post-trials motions. He appealed to this Court.
 II.
We first address the question whether the trial court improperly instructed the jury on the law of fraud in Alabama, and if so, whether that error was so prejudicial that a new trial is warranted.
Brabner argues that the trial court erred to reversal by using language in the jury instruction on the "reasonable reliance" standard, rather than the "justifiable reliance" standard. Assuming, without deciding, at this time, that the "justifiable reliance" standard applied here in this commercial setting, we find no reversible error. In order for a jury instruction to constitute reversible error, it must not only be erroneous, but must also be prejudicial. American FurnitureGalleries v. McWane, Inc., 477 So.2d 369 (Ala. 1985). This Court has reviewed the instruction complained of, and we conclude, after an examination of the entire cause, that the error has probably not injuriously affected Brabner's substantial rights. Rule 45, Ala.R.App.P.
Based on the foregoing, we hold that Brabner has failed to show that the jury instruction was so prejudicial that he is entitled to a new trial.
 III.
We now address Brabner's argument that the testimony concerning his failure to pay the HUD mortgage note and the promissory note to Canton was erroneously admitted by the trial court. He claims that it was both immaterial and irrelevant on the issue of intentional fraud.
Whether evidence is relevant and material depends upon whether the evidence is being offered to prove an issue in the case being litigated. C. Gamble, McElroy's Alabama Evidence, § 20.01 (4th ed. 1991). It may also become material during the trial when a party, a witness, or counsel, in argument, opens the door. Id.
Evidence may be material, but inadmissible as irrelevant. According to C. Gamble, McElroy's Alabama Evidence, § 21.01 (4th ed. 1991), "a fact is admissible if it has any probative value, however slight, upon the matter in the case." It is well settled in Alabama that "[q]uestions regarding the admissibility of evidence on grounds of relevancy rest largely with the trial court, and its rulings will not be disturbed unless there has been an abuse of discretion." DairylandInsurance Co. v. Jackson, 566 So.2d 723, 727 (Ala. 1990), citingAmSouth Bank, N.A. v. Spigener, 505 So.2d 1030 (Ala. 1986).
In this case, Canton argues that the testimony concerning the delinquent payments was material and relevant on the question "whether and to what extent Brabner suffered damage or legal injury as a result of the transaction in question." Canton further argues: "Additionally, the evidence of Brabner's failure to pay was relevant because in a rescission action the purpose is to return the parties to the status quo prior to the alleged fraudulent transaction," citing Clark v. Wilson,380 So.2d 810 (Ala. 1980).
According to Ala. Code 1975, § 6-2-3, an aggrieved party has two years from the time that he learns of the fraud to file suit, and the law concerning the rescission of a contract provides "that one who has been induced to enter into a contract by the material misrepresentations of the other party may, if he acts with reasonable promptness upon the discoveryof the fraud, rescind the contract in toto." Lowery v. MutualLoan Security, Inc., 202 Ala. 51, 53, 79 So. 389 (1918) (emphasis added). Canton argues that the challenged evidence shows that Brabner had notice of the delinquency in the mortgage payments after the sale, but did not file suit until HUD threatened foreclosure. We conclude *Page 1019 
that the trial court did not abuse its discretion in permitting this evidence, which was material and relevant on the question whether the statutory period of limitations had run and also on the issue of rescission.
Even though the trial court initially granted Brabner's motion in limine to exclude any testimony about the delinquency, the court ultimately allowed the jury to hear the evidence. Even assuming that the court should not have admitted the evidence, we find no prejudicial error, because we cannot say that the evidence injuriously affected Brabner's substantial rights. The mention of the delinquency was brief, and Brabner explained away any possible prejudice that the evidence might have caused.
Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Canton's affirmative defense was that Brabner learned about the alleged fraud several months after the purchase and failed to bring suit within the applicable statutory period of limitations, and that Brabner did not promptly ask the court to rescind the contract when he learned of the alleged fraud.